# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>AGRIPROCESSORS, INC., SHOLOM RUBASHKIN, BRENT BEEBE, HOSAM AMARA and ZEEV LEVI,<br><br>　　　　Defendants. | No. 08-CR-1324-LRR<br><br>**ORDER** |

On June 25, 2009, the court severed the Sixth Superseding Indictment (docket no. 464) into two parts: Counts 1 through 74 ("the Immigration Counts") and Counts 75 through 142 ("the Financial Counts"). *See* Order (docket no. 519), *passim*. In other words, the court ordered two trials in this matter: a trial on the Immigration Counts (including the forfeiture allegation) and a trial on the Financial Counts.

On July 6, 2009, the court held a scheduling conference. Assistant United States Attorneys Peter E. Deegan, Jr. and C.J. Williams represented the government. Attorneys Guy R. Cook and F. Montgomery Brown represented Defendant Sholom Rubashkin, who was personally present. Attorney James A. Clarity, III, represented Defendant Agriprocessors, Inc. Attorney Raphael M. Scheetz represented Defendant Brent Beebe, who was also personally present.

At the conference, the parties disagreed about the order of the two trials. The government and Defendant Beebe asked the court to schedule the trial on the Financial Counts first. Defendants Agriprocessors and Rubashkin asked the court to schedule the trial on the Immigration Counts first.

"The trial court has broad discretion to control the scheduling of events in matters

on its docket." *Jones v. Clinton*, 72 F.3d 1354, 1361 (8th Cir. 1996). "The sequence in which trials would be held is in the discretion of the court." *Byrd v. Wainwright*, 428 F.2d 1017, 1022 (5th Cir. 1970). After considering the parties' arguments, the court orders the trial on the Financial Counts first. The court shall hold trial on the Financial Counts first to give Defendant Beebe more time to prepare for trial without continuing the trial yet again. Defendant Beebe is charged in the Immigration Counts but not the Financial Counts, and the court can discern no unfair prejudice to Defendants Rubashkin or Agriprocessors to try the Financial Counts first. Indeed, until less than two weeks ago, Defendants Rubashkin and Agriprocessors were preparing for a unified trial on all counts in the Sixth Superseding Indictment.[1]

Accordingly, the court **ORDERS** that trial on the Financial Counts shall commence, as previously scheduled, on September 15, 2009. Trial on the Immigration Counts shall commence immediately after the trial on the Financial Counts concludes.

---

[1] The court notes that Defendant Rubashkin previously represented to the court that he "may very well exercise his right to testify in defense" of the Immigration Counts but was "highly likely to decline to testify" as to the Financial Counts. Brief in Support of Motion to Sever (docket no. 433-2), at 12. There appears to be substantial factual overlap among the severed counts and, therefore, any statements by Defendant Rubashkin on the Immigration Counts might be admissible in the trial on the Financial Counts. Were the court to try the Immigration Counts first, the court might "effectively den[y] the motion for severance." *United States v. DiBernardo*, 880 F.2d 1216, 1228 (11th Cir. 1989). The court need not reach this issue, however, because the court holds that the combined interest in preserving Defendant Beebe's right to a fair trial and moving this case along in a timely manner outweighs the stated concerns of Defendants Agriprocessors and Rubashkin.

**IT IS SO ORDERED.**

**DATED** this 6th day of July, 2009.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

3